IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ST. LEDGER MONAGHAN, III,<br><br>          Plaintiff,<br><br>     v.<br><br>LARRY P FIDDLER, ALLEN JACKSON, and RICKY KYLE,<br><br>          Defendants.<br>_____/ | No. C 11-3278 CW<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

Plaintiff Andrew St. Ledger Monaghan, III, files an application for leave to proceed in forma pauperis (IFP).  The matter was decided on the papers.  Having considered all of the papers filed by Plaintiff, the Court GRANTS the application to proceed IFP and dismisses the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  See 28 U.S.C. § 1915(a).  Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action.  Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff alleges that he was a witness to a murder in Sherman Oaks, California, that the wrong person was charged with the crime, and that he was not allowed to testify at the trial to exonerate the defendant, who was wrongly convicted. The trial took place in Los Angeles, California. Sherman Oaks and Los Angeles are located in the Central District of California.

Plaintiff sues the trial court judge, a sheriff's officer and the prosecutor for having him improperly removed from the courtroom. Plaintiff also indicates that he brought the same case against the same Defendants in the United States District Court for the Central District of California, case number C 09-5698 DOC-E, which was dismissed without prejudice on January 25, 2010. On February 19, 2010, Plaintiff filed an appeal in the Ninth Circuit, which was dismissed for failure to prosecute on April 14, 2010. Plaintiff also filed a case against Defendants in the Eastern

District of Pennsylvania, case number 10-cv-2834-JF. He apparently voluntarily dismissed that case.

Plaintiff may not keep filing the same lawsuit against the same Defendants in different venues. Therefore, this case is dismissed as duplicative of the previous cases Plaintiff filed. Furthermore, because the events which gave rise to this action and the parties involved reside in the Central District of California, venue is improper in the Northern District. See 28 U.S.C. § 1391(b).

Therefore this complaint is dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed IFP is GRANTED and his complaint is DISMISSED without prejudice to re-filing in federal court with the full filing fee.

IT IS SO ORDERED.

Dated: 10/19/2011

CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MONAGHAN et al,

        Plaintiff,

  v.

FIDDLER et al,

        Defendant.

Case Number: CV11-03278 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew St. Ledger Monaghan
503 Olympic Boulevard
Santa Monica, CA 90401

Dated: October 19, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk